# UNITED STATES DISTRICT COURT



CLERK'S OFFICE
A TRUE COPY
Jun 01, 2020
s/ JeremyHeacox

Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

UP TO $8,500 IN UNITED STATES CURRENCY
ON DEPOSIT IN PRIME FINANCIAL CREDIT UNION
ACCOUNT ENDING IN 8001-0002, HELD IN THE NAME
OF DANA D. JACKSON, LOCATED IN CUDAHY, WISCONSIN

Case Number: 20-M-300 (SCD)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, John Milotzky, being duly sworn depose and say:

I am a Detective and Task Force Agent assigned to the United States Secret Service Milwaukee Resident Office Financial Crimes Task Force, and have reason to believe that in the Eastern District of Wisconsin there is now certain property, namely, up to $8,500 in United States currency on deposit in Prime Financial Credit Union account ending in 8001-0002, held in the name of Dana D. Jackson, located in Cudahy, Wisconsin, that is civilly forfeitable under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references in § 981(a)(1)(C) to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and criminally forfeitable under 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), as property that is derived from proceeds traceable to specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343 and mail fraud in violation of 18 U.S.C. § 1341, and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b)(2) and for purposes of criminal forfeiture under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

The application is based on these facts:

  ✓ Continued on the attached sheet.

  ❑Delayed notice of _____ days (give exact ending date if more than 30 days:_____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Signature of Affiant
John Milotzky, USSS

Sworn to before me, and subscribed in my presence by telephone

___6/1/2020  10:10 a.m.___
Date and time issued

at _Milwaukee, Wisconsin_
City and State

Stephen C. Dries, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANTS

I, John Milotzky, having been duly sworn on oath, state as follows:

### Affiant's Background

1.  I am a Detective with the City of Wauwatosa Police Department and have been employed with that department since 2001. I am currently assigned to the United States Secret Service Milwaukee Resident Office Financial Crimes Task Force ("MFCTF"). I was federally deputized on June 24, 2015. My duties as a Detective and Task Force Agent with the Secret Service include investigating financial crimes such as identity fraud, check fraud, credit card fraud, bank fraud, wire fraud, currency-counterfeiting offenses, and money laundering. During my employment with the Wauwatosa Police Department and the MFCTF, I have conducted numerous investigations that have resulted in seizures of criminally derived property, including monetary instruments and United States currency.

2.  As a Detective and Task Force Agent, I have conducted investigations into wire fraud, money laundering, and other complex financial crimes. In the course of those investigations, I have used various investigative techniques, including conducting undercover operations, reviewing physical and electronic evidence, obtaining and reviewing financial records, and working with cooperating sources of information. In the course of those investigations, I have also become familiar with techniques that criminals use to conceal the nature, source, location, ownership, and control of proceeds of crime and to avoid detection by law enforcement of their underlying acts and money laundering activities.

3.  Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrants, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrants.

4.  The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have obtained in the course of this investigation from witnesses having personal knowledge of the events and circumstances described herein and other law enforcement officers, all of whom I believe to be truthful and reliable.

### Property Sought to be Seized

5.  I submit this affidavit in support of an application for warrants to seize the following:

    a.  Up to $9,600 in United States currency on deposit in Prime Financial Credit Union account ending in 8001-0001 ("PF8001-0001"), held in the name of Dana D. Jackson; and

b.  Up to $8,500 in United States currency on deposit in Prime Financial
    Credit Union account ending in 8001-0002 ("PF8001-0002), held in the
    name of Dana D. Jackson.

6.  Based on the facts and circumstances set forth below, I submit that there exists
probable cause to believe that up to $9,600 in funds on deposit in PF8001-0001 and up to $8,500
in funds on deposit in PF8001-0002 are:

a.  Funds traceable to, and are therefore proceeds of, a wire fraud offense or
    offenses committed in violation of 18 U.S.C. § 1343;

b.  Funds traceable to, and are therefore proceeds of, a mail fraud offense or
    offenses committed in violation of 18 U.S.C. § 1341;

c.  Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984,
    including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

d.  Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and
    28 U.S.C. § 2461(c); and

e.  Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2)
    and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and
    21 U.S.C. § 853(f).

**Facts Supporting Finding of Probable Cause for Issuance of Seizure Warrants**

**Common attributes of Advance-Fee Loan fraud schemes**

7.  One common financial fraud scheme is known as an Advance-Fee Loan fraud
scheme.  In an Advance-Fee Loan fraud scheme, fraudsters will portray themselves as a
legitimate business with financial industry connections or lending ability.  They will frequently
utilize computer pop-up advertising or websites to entice would-be victims with guarantees of
approval or available funds.

8.  After a victim applies for a loan, they will be required to pay an "advance-fee" for
such things as "processing," "insurance," or "paperwork."  The victim is directed to make such
advance-fee payment to a third party typically by wire transfer or cashier's check.  That fee, in
many cases, is sent to the person or persons who launder the proceeds of the fraud scheme.  Such
a launderer often opens the bank account or accounts in the name of one or more fictitious
businesses in order to conceal the fraudulent nature of the bank account from the bank and the
victims who are duped into wiring money or sending checks there.

9.  Perpetrators of advance-fee loan fraud schemes sometimes also recruit witting or
unwitting persons within the United States to open bank accounts that the perpetrators use to
receive the proceeds of the fraud scheme.

2

10.     Not all such third-party account holders who receive illicit proceeds are ignorant, at least initially, as to the nature of the fraud proceeds being deposited into their accounts. Some persons who open and use accounts to receive fraud proceeds are witting money mules who understand the criminal nature of the funds they are receiving in the account from the outset. Other such account holders are put on notice of the facts that they are receiving, and helping launder, fraud proceeds during the course of receiving such fraud proceeds into their account. Thus, some persons who launder fraud proceeds might begin as unwitting money mules but then progress to becoming witting money launderers.

**Ongoing investigation into advance-fee loan fraud scheme**

11.     I am currently conducting an investigation that is focusing on an advance-fee loan fraud scheme in which both unknown and known suspects caused a total of $18,100 to be deposited into two bank accounts located within the Eastern District of Wisconsin, PF8001-0001 and PF8001-0002, both accounts held in the name of Dana Jackson.

12.     Prime Financial Credit Union records show that PF8001-0001 is a savings account and PF8001-0002 is a checking account.

13.     The funds sought to be seized – a total of $18,100 consisting of up to $9,600 on deposit in PF8001-0001 and up to $8,500 on deposit in PF80001-0002 – are funds that were deposited into those accounts via two cashier's checks, one to each account. A victim having the initials B.H. sent cashier's checks in the amounts of $9,600 and $8,500 to Dana Jackson based on misrepresentations, impersonations, and the use of interstate wires in connection with the advance-fee loan fraud scheme.

14.     During April and May 2020, unknown suspects perpetrated this advance-fee loan fraud scheme on victim B.H., the owner of business, B, LLC. The fraudsters caused B.H. to mail two cashier's checks totaling $18,100 to Dana Jackson in the Eastern District of Wisconsin. After receipt of those cashier's checks, Dana Jackson deposited check #1068230 for $9,600 into PF8001-0001 and check #1068233 for $8,500 into PF8001-0002.

15.     When corresponding with B.H. via email, the fraudster or fraudsters claimed to be Ilya Kondrashov, Managing Director of Market Finance Lenders. The fraudsters told B.H. that B.H. had been approved for a loan sum of five million British pounds. In order for Market Finance Lenders to release the funds, the fraudsters instructed B.H. to pay two fees, in the amounts of $9,600 and $8,500, to their United States agent by mailing the cashier's checks to their agent, Dana Jackson, 9XX S. Layton Blvd., Unit 11A, Milwaukee WI 53215.

16.     B.H. purchased two cashier's checks from his financial institution, Seacoast National Bank. Specifically, on May 5, 2020, B.H. purchased check #1068230 for $9,600, and on May 6, 2020, B.H. check #1068233 for $8,500. As instructed by the fraudsters, B.H. mailed the two checks to Dana Jackson.

17.     On May 5, 2020, B.H. sent check #1068230 via UPS Next Day to Dana Jackson at 9XX S. Layton Blvd., Unit 11A, Milwaukee WI 53215. B.H. provided a UPS receipt with tracking number ending 6907.

18. On May 6, 2020, B.H. sent check #1068233 via UPS Next Day to Dana Jackson at 9XX S. Layton Blvd., Unit 11A, Milwaukee WI 53215. B.H. provided a UPS receipt with tracking number ending 8084.

19. On May 7, 2020, Dana Jackson deposited check #1068230 for $9,600 into PF8001-0001. On May 8, 2020, Dana Jackson deposited check #1068233 for $8,500 into PF8001-0002. Both checks were deposited in furtherance of the advance-fee loan fraud scheme.

20. The fraudsters provided B.H. a phone number of 305-249-XXXX as the number for Dana Jackson. B.H. became suspicious that a phone number with a Florida exchange was provided after sending the checks to Wisconsin. B.H. conducted open source internet searches on the number and quickly determined that it did not link to a legitimate lender. B.H. contacted Seacoast National Bank and informed them that he was the victim of a fraud scheme and wished to cancel the checks. Seacoast National Bank contacted Prime Financial and law enforcement was also contacted.

21. B.H. also called Prime Financial Credit Union and reported that he was the victim of a fraud scheme and that he had sent the checks under false pretenses. B.H. attempted to retrieve the checks but they had already been deposited.

22. B.H. reported that he subsequently received a phone call from Dana Jackson from the phone number 763-453-XXXX. During the call, Dana Jackson told B.H. to call Prime Financial Credit Union and say that B.H. sent the checks and that the funds were for a charity or car business so that they would release the funds. B.H. refused to do so.

23. Area code 763 is a St. Paul/Minneapolis, Minnesota area code. Law enforcement databases show that Dana Jackson previously resided in Minneapolis, Minnesota, and currently has an open misdemeanor warrant in Hennepin County, Minnesota.

24. B.H. then began receiving text messages from Dana Jackson, and B.H. provided photos of those text messages to law enforcement.

25. In one of the text messages, B.H. told Dana Jackson that B.H. was contacting law enforcement. Dana Jackson told B.H. not to notify law enforcement as this is how Dana Jackson has been making her living for the past three years.

26. On May 22, 2020, I contacted Prime Financial Credit Union. They confirmed that the $18,100 was still being held but that the funds would not be released without a seizure warrant.

27. On May 22, 2020, Dana Jackson emailed a hand written letter to Prime Financial Credit Union demanding release of the funds. In that letter, Dana Jackson provided her phone number as 763-453-XXXX and her address as 9XX S. Layton Blvd., #11A, Milwaukee, WI 53215.

4

28. I spoke with Task Force Agent Brian Wallander who had a similar investigation involving Dana Jackson in 2019. In that case, an out-of-state victim also sent money to Dana Jackson as part of a fraud scheme.

## Applicable Asset Forfeiture Provisions

29. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

30. Section 984 (a) provides in part:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

31. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

32. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

33. I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after a restraining order or similar process has been issued to a financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, a seizure warrant would be the most effective way to assure the availability of the monies sought to be seized for forfeiture by the accompanying seizure warrant.

5

**Conclusion**

34.     Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that up to $9,600 in United States currency on deposit in PF8001-0001 and up to $8,500 in United States currency on deposit in PF8001-0002, both held in the name of Dana Jackson, are:

a.    Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

b.    Funds traceable to, and are therefore proceeds of, a mail fraud offense or offenses, committed in violation of 18 U.S.C. § 1341;

c.    Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

d.    Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

e.    Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

# # #

6